UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, <br><br> Petitioner, <br><br> v. <br><br> ALIGHT SOLUTIONS, LLC <br><br> Respondent. | Case Number: 20-cv-2138 <br><br> Judge |

**SECRETARY'S PETITION TO ENFORCE
ADMINISTRATIVE SUBPOENA *DUCES TECUM***

Petitioner **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor ("Secretary"), hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Petition is brought to compel ALIGHT SOLUTIONS, LLC, ("Respondent") to comply with an Administrative Subpoena *Duces Tecum* issued by the Regional Director of the Chicago Regional Office of the Employee Benefits Security Administration ("EBSA") of the United States Department of Labor in an investigation conducted pursuant to section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134.

2. This Court has subject matter jurisdiction over this Petition pursuant to Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50, as made applicable to ERISA by Sections 504(c) and 502(e)(1) of ERISA, 29 U.S.C. §§ 1134(c) & 1132(e)(1).

3. On July 30, 2019, EBSA opened an investigation of the Respondent (Ex. A at ¶ 2, attached hereto and made a part hereof) (Ex. A is the "Declaration of EBSA Senior Investigator

1

Celenna Loggins In Support of Secretary's Petition to Compel Respondent to Comply with Subpoena Duces Tecum Issued on November 5, 2019").

4. The Respondent provides services to benefit plans covered by ERISA. Alight provides recordkeeping, administrative, and consulting services to its ERISA plan clients to assist them in managing their employee benefit plans. (Ex. A at ¶ 3).

5. The Respondent is headquartered in Lincolnshire, Illinois. (Ex. A at ¶ 3).

6. Venue lies in the Northern District of Illinois, Eastern Division, pursuant to 15 U.S.C. § 49 and 28 U.S.C. § 1391(b)(1) because the Respondent is located in Lincolnshire, Lake County, Illinois, within this district.

## THE INVESTIGATION AND SUBPOENA

7. From July 30, 2019, through the present, EBSA has been conducting an investigation of the Respondent under ERISA § 504(a)(1), 29 U.S.C. § 1134(a)(1), to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order promulgated thereunder. (Ex. A at ¶ 2).

8. In the course of its investigation, EBSA determined that obtaining certain information from Respondent was essential to determine whether any ERISA violations occurred or were about to occur regarding ERISA-covered plans. (*Id.* at ¶ 4(a)). Because Alight handles sensitive client information related to ERISA-covered plans, EBSA offered Alight an accommodation subpoena to protect it from any consequences of cooperating without a legal requirement. (*Id.* at ¶ 4(b)).

9. On November 5, 2019, Regional Director Monhart, pursuant to authority vested by ERISA § 504(c), 29 U.S.C. § 1134(c), issued an Administrative Subpoena *Duces Tecum* ("Subpoena") directed to Respondent. (*Id.* at ¶ 4(h); Ex. D-F).

10. On November 12, 2019, Respondent received the Subpoena as reflected on the USPS Certified Mail receipt, and Respondent had until December 9, 2019, to respond. (Ex. A at ¶ 4(h) and (i); Ex. E).

11. After receiving an extension from EBSA, the Respondent, pursuant to the Subpoena, was required to produce certain documents relating to EBSA's investigation of the Fund on or before January 3, 2020. (Ex. A at ¶ 4(j)).

**RESPONDENT'S FAILURE TO FULLY COMPLY WITH SUBPOENA**

12. On January 3, 2020, the Respondent provided a limited number of documents and provided a 39-page letter containing numerous objections. (Ex. A at ¶ 4(o), Ex. K).

13. The Respondent provided responses to 6 of the 32 requests, partial responses to 10 of the 32 requests, and no responsive documents to 16 of the 32 requests. (Ex. A at ¶ 4(q)-(s), Ex. K).

14. Respondent provided no responsive documents to the following 16 requests:

> No. 6: All documents relating to any ERISA plan client that terminated Alight's services, including all:
>
> > a. Reasons for the termination;
> >
> > b. Names of the plan client, the plan fiduciaries, and plan agent or representative, including contact information; and
> >
> > c. Communications and notifications provided by the ERISA plan client to Alight relating to the termination.
>
> No. 7: All documents received by Alight, or any Service Provider, for services provided to ERISA plan clients, including all responses to ERISA plan clients, relating to:

3

  a. Trading errors; operational errors, valuation errors; computer coding errors; billing, invoicing errors; administrative, communication errors; breaches of investment guidelines, constraints, restrictions and any corresponding corrective and disciplinary actions concerning the above;

  b. Complaints;

  c. Communications and notifications of unauthorized actions or unlawful activity; and

  d. Admissions of misconduct.

No. 9: All documents relating to any regulatory investigations, examinations, or inquiries in which Alight is a party.

No. 10: All documents and communications relating to advertising, promotion, and marketing for ERISA plan clients.

No. 11: All contracts, agreements, arrangements, and fee schedules used by Alight to provide services to ERISA plan clients.

No. 13: All documents identifying each current and former ERISA plan client, including:

  a. Name;

  b. Sponsor name and address;

  c. Employer identification number and plan number;

  d. Name(s) of plan trustee(s);

  e. Name(s) of custodian(s);

  f. Date Alight started to provide service(s); and

  g. Current detailed listing of assets.

No. 15:  Fiduciary liability insurance policy, if applicable.

No. 18: All documents relating to communications, event logs, and reports of any incident involving information security and/or cybersecurity relating to any ERISA plan client.

No. 19:  All documents and communications relating to fraud reports for any ERISA plan client and related communications.

No. 22:  All documents and communications relating to Alight's physical access controls, including key cards, biometric controls, and video cameras relating to information security and/or cybersecurity.

No. 23:  All documents and communications relating to any incident response plan made by Alight or any ERISA plan client relating to Alight's services.

No. 27:  All documents and communications relating to termination or discipline of any Alight employee for misuse of Alight's data or systems or unauthorized access to ERISA plan clients' accounts.

No. 28:  All documents relating to communications with ERISA plan clients regarding cybersecurity incidents.

No. 29:  All documents and communications relating to requests from any ERISA plan client to create, implement, or have access to cybersecurity procedures.

No. 30:  All documents and communications relating to unauthorized distributions of any ERISA plan client's account.

No. 31:   All documents and communications relating to Alight's settlement and/or restorative payments with ERISA plan clients or its participants for unauthorized distribution of any ERISA plan client's accounts.

15. On January 21, 2020, the Secretary met with the Respondent's attorneys to discuss the Respondent's objections and to seek compliance with the Subpoena. After meeting, the Respondent failed to produce any additional documents and instead renewed its objections by letter dated February 3, 2020. (Ex. A at ¶ 4(t)-(z), Ex. R).

16. In its letter, Alight made several general objections to the Secretary's subpoena, including:

    A. a general objection that EBSA does not have the authority under ERISA to request the information. Alight does not elaborate other than to state that "the very nature of the subpoena and investigation indicates that much of the information is beyond EBSA's authority under ERISA." In several requests, Alight made the same conclusory objection "the information and documents are outside the statutory scope of the DOL's authority." However, EBSA has broad authority to conduct investigations and to seek all such documents that may assist in its investigation. *See, e.g., Chao v. Koresko,* 2004 WL 1102381, at *1 (E.D. Pa. May 11, 2004) (recognizing "Section 504 of ERISA gives the Secretary of Labor broad authority to conduct investigations."). EBSA may seek information that "might assist in determining whether any person is violating or has violated any provision of Title I of ERISA." *Donovan v. National Bank of Alaska*, 696 F.2d 678, 684 (9th Cir. 1983).

    B. a general objection that the requests seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint

defense privilege, the common interest doctrine, and other undefined "statutory or common law privileges, immunities or protections."  However, Alight never identifies any specific information for which any of these privileges could possibly apply and failed to provide a specific privilege log as provided for in the administrative subpoena instructions.

C. a general objection that the requests are "too indefinite, overly broad, unduly burdensome, and/or impact Alight's normal operations."  However, other than saying some requests seek "all documents," Alight does not explain how any specific request was indefinite, broad, burdensome or impacting Alight's normal operations.

D. the general objection that the requests seek confidential, proprietary, intelligence, trade secret, and information protected under "Applicable Rules." Alight does not explain how any specific requests are seeking such information or provide an explanation of the terms "Applicable Rules."

E. the general objection that the time period should be limited to May, 2017, because that is the date of a corporate spin-off creating a new corporate entity called "Alight." However, Alight recognizes that Alight existed before this date, and it was only due to a corporate restructuring that the corporate name "Alight" came into existence.  The Secretary maintains that documents in Alight's possession should be produced even if they pre-date the change in the corporate structure.

17. In the same letter, Alight set out specific objections for the Secretary's request for production, and actually repeat the same objections without providing any specific detail unique to the specific request for most of the requests. For instance:

A. Alight lists almost all terms in any request as "vague and ambiguous." For example, in the first request, EBSA sought documents related to Alight's organizational structure, management composition, and ownership. Alight objected to 13 terms, almost every noun in the request, including such terms as "owners," "affiliates," "subsidiaries," "managers," etc. The DOL met with Alight on Jan. 21, 2019, and tried to provide further information responding to the objections dealing with the alleged vagueness of terms, but Alight only responded by stating all terms remained too vague.

B. Alight also objects at times that the request seeks "confidential client information." Alight did not elaborate on this objection except to say that all client information is confidential. EBSA routinely obtains information about ERISA-covered plans from service providers. Congress charged EBSA with investigating ERISA-covered plans and gave it broad subpoena authority to obtain information. EBSA routinely obtains ERISA-plan client information about ERISA-covered plans from service providers. To the extent any information EBSA obtains, may have some limit on disclosure *to the public*, not to EBSA, the Freedom of Information Act details the exemptions therein for such information. There is no such "client confidentiality" limit on the information that EBSA may seek under ERISA.

C. Alight made conclusory objection that EBSA's subpoena exceeds the statutory scope. However, as detailed above, EBSA has broad authority to investigate violations or potential violations of ERISA and Alight has not offered any explanation on how the documents sought are outside this authority.

D. Alight states that requests are overly broad or unduly burdensome, but does not elaborate on any such claims. When the DOL met with Alight, Alight was unable to explain how any production would be unduly burdensome.

18. On March 9, 2020, the Secretary made another attempt to obtain compliance with the Subpoena by sending a letter to the Respondent's counsel. (Ex. A at ¶ 4(bb), Ex. S).

19. The DOL's attorney met again with Alight's Counsel on March 12, 2020, and discussed all objections Alight's Counsel wanted to discuss and provided detailed responses to each objection.

20. As of April 3, 2020, the Respondent has not produced any additional documents. (Ex. A at ¶ 4(cc)).

## PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner prays that this Court enter an order requiring Respondent **ALIGHT SOLUTIONS LLC** to appear on a date certain to show cause, if any there be, why its representative should not appear before the designated EBSA representative at such time and place as the Secretary or the Court may set, then and there to produce all responsive documents to the Subpoena; that the U.S. Marshals Service serve a copy of the Petition, accompanying exhibits, and Order to Show Cause upon Respondent; and that the Petitioner have such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Bruce C. Canetti
**BRUCE C. CANETTI**

P.O. Address:
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Eighth Floor
Chicago, Illinois 60604
Telephone: (312) 353-3271
Fax: (312) 353-5698
Email: canetti.bruce@dol.gov
IL Bar No.: 6285867

Attorneys for Eugene Scalia,
Secretary of Labor,
United States Department of Labor,
Petitioner