## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ILLINOIS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - -

|  |  |
|---|---|
| | : |
| **Eugene Scalia, Secretary** | : |
| **United States Department of Labor** | : |
| | : |
| Petitioner | : |
| | : CIVIL ACTION |
| v. | : |
| | : File No. 20-cv-2138 |
| **Alight Solutions LLC** | : |
| | : |
| Respondent | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - -- -- - - - -

### DECLARATION OF CELENNA LOGGINS IN SUPPORT OF PETITION TO COMPEL RESPONDENT TO COMPLY WITH SUBPOENA DUCES TECUM ISSUED ON NOVEMBER 5, 2019

**Celenna Loggins**, upon personal knowledge and reasonable belief, states as follows:

1.      I am, and at all times mentioned below have been, a Senior Investigator employed by the Employee Benefits Security Administration of the United States Department of Labor ("EBSA"), stationed in Chicago, Illinois.

2.      Pursuant to my official duties as a Senior Investigator, in 2019, I was assigned to conduct an investigation of Alight Solutions, LLC ("Alight") to determine whether any person has violated or is about to violate any provision of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA") or any regulation or order issued thereunder. The investigation was opened on July 30, 2019.

3.      The Chicago Regional Office of EBSA opened the investigation based on separate plan-level investigations. In these investigations, EBSA determined Alight provides services to

ERISA-covered plans.  Alight provides recordkeeping, administrative, and consulting services to its ERISA plan clients to assist them in managing their employee benefit plans.  Alight is headquartered in Lincolnshire, Illinois.  EBSA discovered that Alight processed unauthorized distributions as a result of cybersecurity breaches relating to its ERISA plan clients' accounts. Further, in violation of its service provider agreements, Alight failed to immediately report cybersecurity breaches and the related unauthorized distributions to ERISA plan clients after its discoveries. In some instances, Alight failed to disclose cybersecurity breaches and unauthorized distributions to its ERISA plan clients for months, if at all.  Alight also repeatedly failed to restore the unauthorized distribution amounts to its ERISA plan clients' accounts.

4.      During the course of the investigation, EBSA determined that:

a.      In order to identify whether any violations occurred with respect to Alight's services to its ERISA plan clients, certain documents were critical.

b.      On September 11, 2019, I notified Ilene Grant ("Grant"), Associate General Counsel of Litigation, Employment, and Corporate Compliance at Alight that EBSA would issue an administrative subpoena ("Subpoena") to Alight requesting documents which addressed topics such as data and information security. Because Alight handles sensitive client information related to ERISA-covered plans, EBSA offered Alight an accommodation subpoena to protect it from any consequences of cooperating without a legal requirement.  During the call, Grant and I also discussed scheduling a conference call to discuss potential documents before EBSA issued the Subpoena. Grant confirmed that the Subpoena should be mailed to her attention at Alight Solutions LLC, 4 Overlook Point, Lincolnshire, IL 60069. (*See* Exhibit A).

c. On September 13, 2019, I emailed Grant to offer tentative dates for a conference call between EBSA and Alight to discuss potential documents which EBSA would request in the Subpoena. (*See* Exhibit B). On September 19, 2019, I emailed Grant to offer additional tentative dates. (*See* Exhibit B).

d. On October 7, 2019, Grant offered alternative dates, one of which EBSA accepted for the conference call. (*See* Exhibit B). At Grant's request, on October 10, 2019, I indicated that the conference call topic would be Alight's ERISA plan clients and data security. I also declared that individuals from Alight's Security Operations Team or data security personnel may be able to address EBSA's questions. (*See* Exhibit B).

e. On October 16, 2019, EBSA hosted a conference call ("Call") with Alight to discuss potential Subpoena requests. The following parties were on the Call:

- Celenna Loggins, Senior Investigator, EBSA

- Jeffrey Singer, Senior Investigator, EBSA

- Vishney Ambalavanar, Investigator, EBSA

- Ilene Grant, Associate General Counsel, Litigation, Employment, Corporate Compliance, Alight

- Dan Kasten, Assistant General Counsel, Alight

- Joe Burkard, Chief Security Officer, Alight

- Tola Sobitan, Chief Privacy Officer and Senior Legal Counsel, Alight

f. During the Call, the Chief Security Officer at Alight, Joe Burkhardt ("Burkhardt"), disclosed that he was in charge of Alight Security Services, which included

being responsible for data security, information security, and cybersecurity. Burkhardt discussed Alight's tiers of security policies, the existence of cybersecurity reports and testing, and cybersecurity event and incident terminology. (*See* Exhibit C).

g.      Alight confirmed EBSA should send the Subpoena to Alight Solutions LLC, Attn: Ilene Grant, 4 Overlook Point, Lincolnshire, IL 60069. (*See* Exhibit C).

h.      On November 5, 2019, I mailed the Subpoena via Certified Mail to Alight Solutions LLC, Attn: Ilene Grant, 4 Overlook Point, Lincolnshire, IL 60069. (*See* Exhibit D).   The Subpoena required Alight to produce responsive documents on or before December 9, 2019, which related to EBSA's investigation. (*See* Exhibit D).

i.      The United States Postal Service ("USPS"), Domestic Return Receipt, shows that, on November 12, 2019, USPS delivered the Subpoena to Alight Solutions LLC, Attn: Ilene Grant, 4 Overlook Point, Lincolnshire, IL 60069.   According to the Domestic Return Receipt, "Roger Lichter" received the Subpoena at the above address and signed his name to that effect. (See Exhibit E).

j.      On December 3, 2019, Erin Sweeney ("Sweeney") from Miller & Chevalier Chartered ("Miller") contacted me and stated that she represented Alight to assist it in responding to the Subpoena.   Although Alight received the Subpoena on November 12, 2019, Sweeney informed EBSA that Alight recently retained Miller during the week of November 25, 2019. Sweeney stated that Alight requested a 45-day extension and to limit Subpoena production to Subpoena requests 18-32.   In consideration of Alight's request, EBSA granted a 30-day extension until January 3, 2020; however, EBSA specified that it would not approve a limitation on the production of Subpoena requests. All documents

were due on January 3, 2020. I sent a link to EBSA's secure portal through Accellion, Inc. to esweeney@milchev.com for Sweeney to send documents by January 3, 2020. (*See* Exhibit F).

k.      After the call, Sweeney emailed me and, again, insisted on partial production of the Subpoena. Specifically, Sweeney proposed producing Subpoena requests 18-32 and possible production of additional documents, pending EBSA's review of Alight's partial production. Contrary to the agreement on the production extension, Sweeney stated that Alight would provide documents on a rolling basis *beginning* on January 3, 2020. (*See* Exhibit G).

l.      On December 3, 2019, I emailed Sweeney stating, "I want to make sure I clarify the deadline extension. [EBSA was] able to grant a 30-day extension for all Subpoena production until January 3, 2020. We requested production on a rolling basis from the original date of December 9, 2019 up until January 3, 2020.  This will include all items: 1-32. Please let me know if you have any other questions." (*See* Exhibit H).

m.      On December 4, 2019, Sweeney responded that Alight would provide selected Subpoena requests 18-32 and will only provide further documents pursuant to a proposed schedule pending review of the first production of documents. (See Exhibit I).

n.      On December 4, 2019, I responded to Sweeney with the following message: "Thank you for your email. I appreciate your request. On October 16, 2019, [EBSA] conducted a telephone conference with Alight to discuss likely subpoena items. According to our United States Postal Service certified mail receipt, Alight received our November 5, 2019 subpoena on November 12, 2019. All documents were due by December 9, 2019.

However, in response to your request for an extension, [EBSA] was able to grant an extension until January 3, 2020, when all documents are now due. Again, this will include all items: 1-32. We appreciate your anticipated cooperation. Please feel free to contact me with any questions." (*See* Exhibit I).

o.       On January 3, 2020, the date when production for *all* Subpoena requests 1-32 were due, I received an email with an attached 39- page letter (Letter) of objections and responses to the Subpoena. The email also contained a log that described documents uploaded to the Miller portal on behalf of Alight. On January 3, 2020, I downloaded the files. (*See* Exhibit J, K, and L).

p.       The Letter consisted of general and specific objections to the Subpoena. (*See* Exhibit K). In the Letter, Alight listed general objections such as objections to Subpoena definitions, the time period of the Subpoena, EBSA's legitimate investigatory purpose, and the statutory scope of EBSA's authority with respect to Subpoena requests. Alight also made various specific objections: the Subpoena requests were overly broad and unduly burdensome; terms were undefined and impermissibly vague; and, that Alight did not have the authority to disclose confidential client information. (*See* Exhibit K).

q.       On January 3, 2020, Sweeney produced documents to EBSA that were responsive to Subpoena requests 8, 16, 17, and 24-26. (*See* Exhibit L).

r.       On January 3, 2020, Sweeney partially produced documents to EBSA that were responsive to Subpoena requests 2, 5, 12, 14, 20, 21, and 32. (*See* Exhibit L).

s.       On January 3, 2020, Sweeney partially produced documents to EBSA that were responsive to Subpoena requests 1, 3, and 4; however, only through a portion of the

time period required by the Subpoena. (*See* Exhibit L).

t. In the Letter, Alight requested to meet and confer with EBSA regarding the Subpoena. (*See* Exhibit K). Pursuant to this request, on January 21, 2020, EBSA arranged a call with Sweeney to discuss Alight's response and objections to the Subpoena. (*See* Exhibit M).

u. On January 21, 2020, the following parties were present on the call for the Chicago Regional Solicitor's Office for the U.S. Department of Labor ("RSOL"), EBSA, and Alight:

- Bruce Canetti, Senior Trial Attorney, RSOL
- Vishney Ambalavanar, Investigator, EBSA
- Jeffrey Singer, Senior Investigator, EBSA
- Celenna Loggins, Senior Investigator, EBSA
- Erin Sweeney, Miller
- Dawn Murphy-Johnson, Miller

v. EBSA clarified that the call was not to rewrite or limit the elements of the Subpoena, but to provide requested clarity regarding the Subpoena items. During the call, EBSA diligently responded to Alight's inquiries and addressed Alight's reservations to Subpoena document production, as requested. Sweeney stated that she would inform EBSA of Alight's position about potentially providing additional documentation or its objection to do so between January 22, 2020 and January 24, 2020. (*See* Exhibit N).

w. Sweeney did not provide EBSA with a response by January 24, 2020. On January 25, 2020, Sweeney sent an email stating that Alight would provide an update by

the middle of the week of January 27, 2020. (*See* Exhibit O).

x.     After no response by the middle of the week of January 27, 2020, on January 31, 2020, I requested an update from Sweeney about Alight's position regarding Subpoena document production. (*See* Exhibit P).

y.     Sweeney responded that she was working closely with Alight and will have a response during the week of February 1, 2020. (*See* Exhibit P).

z.     On February 6, 2020, I received an email from Sweeney with Alight's attached response. (*See* Exhibit Q). In the response, Alight objected again to Subpoena production, challenged EBSA's authority, and demanded that EBSA describe its investigation (*See* Exhibit R).

aa.     Further, Sweeney stated that Alight will produce documents if the DOL "provides Alight with evidence showing that the plan in question has checked the box on Line 4(f) of Schedule H or Schedule I of that plan's Annual Return/Report of Employee Benefit Plan ("Form 5500"), reflecting that the plan "ha[d] a loss, whether or not reimbursed by the plan's fidelity bond, that was caused by fraud or dishonesty." (*See* Exhibit R).

bb.     On March 9, 2020, the Chicago Regional Solicitor's Office for the U.S. Department of Labor emailed a letter to Sweeney stating that all responsive documents must be produced by March 13, 2020. (*See* Exhibit S).

cc.     To date, Alight has failed to produce any further documents in response to the Subpoena. January 3, 2020 was the last date on which Alight produced any documents to EBSA in response to the Subpoena. I also note that the Instructions section of the

Subpoena, part 7.f., states, "In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents." However, as detailed above, there is no instance in which Alight specifically claimed it had no responsive documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 3rd of April, 2020.

Celenna Loggins
Senior Investigator
Employee Benefits Security Administration
U.S. Department of Labor
230 South Dearborn Street, Suite 2160
Chicago, Illinois 60604