UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br>　　　　　　Petitioner, <br><br>v. <br><br>ALIGHT SOLUTIONS, LLC <br><br>　　　　　　Respondent. | Case Number: 1:20-cv-02138 <br><br> Judge Kness |

**SECRETARY'S MEMORANDUM IN OPPOSITION TO ALIGHT SOLUTIONS, LLC'S MOTION FOR PROTECTIVE ORDER**

Petitioner MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary"), files this Memorandum in Opposition to Alight Solutions, LLC's ("Alight") Motion for protective order ("Motion") at Dock. No. 33.

Pursuant to 29 U.S.C. § 1134, the Secretary issued an Administrative Subpoena to Alight for documents to enable him "to determine whether any person has violated or is about to violate any provision of" the Employee Retirement Income Security Act of 1974 ("ERISA"). Respondent Alight sought relief from this Court and argued, *inter alia*, that the Court should find Alight does not have to respond to the subpoena because its clients' names are confidential and it wants to redact participant information. Dock. No. 15. The Court rejected all of Alight's arguments and ordered it to comply with all of the requests in the Secretary's subpoena. Dock. No. 25. Specifically, the Court denied Alight's request for a protective order that would permit it to redact participant information and ERISA plan names and withhold documents.[1] Alight has

---

[1] Alight uses the term "de-identify" instead of "redact." For clarity, the Secretary will use "redact."

now filed a motion that rehashes the same rejected arguments in the prior proceeding and seeks to have the Court reconsider its earlier ruling.

Although the Court permitted Alight to make a showing why a protective order was necessary, Alight chose not to follow the Court's direction. Instead, Alight asks the Court to overrule its own order and permit Alight to withhold a class of documents and heavily redact many documents. Based on the Court's earlier ruling, the Motion should be summarily denied. In the alternative, and in an effort to move this case forward, the Secretary is willing to have Alight redact personal identifiable information ("PII") of individual ERISA plan participants consistent with Fed.R.Civ.P. 5.2, as long as Alight produces all documents within 30 days. To be clear, Alight would only be able to redact a participant's (1) social security number (except the last four digits), (2) birth date (except the year), (3) if the participant is a minor, their name (substituting initials), and (4) the financial account number (except the last four digits). For the same reasons the Court previously rejected Alight's other arguments, and for the reasons stated herein, the Court should deny Alight's Motion to redact individual PII (except potentially in the limited alternative proposed herein), to redact ERISA-plan client's names, and to withhold settlement agreements.

## ARGUMENT

I. **Alight's Motion does not establish a protective order is necessary because the Court already denied Alight's request for a protective order and FOIA provides sufficient protection regarding the alleged confidential information.**

A. <u>Standard for seeking a Protective Order</u>

Under Fed.R.Civ.P. 26(c), in discovery a party may move for a protective order. Specifically, such a motion

> must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a

2

party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed.R.Civ.P. 26(c). Pertinent here, one type of protective order that a court may enter is one that requires a "trade secret or other confidential" information only be revealed in a limited way. Fed.R.Civ.P. 26(c)(1)(G). Even if a protective order is stipulated, which it is not here, the district court "must independently determine if 'good cause' exists" to enter the protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). The moving party has the burden to show good cause. *Id.* If good cause is not shown, then the materials are not entitled to "judicial protection." *Id.* A good cause "claim of confidential business information . . . demands that the company prove that disclosure will result in a clearly defined and very serious injury to its business." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998) (quotation marks and citations omitted). The protective order for confidential information means the information is made available to the seeking party, but the information is protected from disclosure to non-parties to the litigation. *See id.* at 340.

> B. <u>Alight failed to show good cause because the Court previously denied the request on the same grounds asserted again in this Motion and is the law of the case.</u>

Alight seeks a protective order to permit it to redact PII, the names of the ERISA plans it services, and to withhold settlement agreements related to potential ERISA violations for cybersecurity issues for ERISA plans. The Court already ruled that a broad protective order was not warranted for redacting alleged confidential information related to participants and the name of clients and ordered Alight to provide the information free of redactions. Dock. No. 25 at 6-7; *see, e.g., U.S. Dep't of Educ. v. Nat'l Collegiate Athletic Ass'n.*, 481 F.3d 936, 942 (7th Cir. 2007). Specifically, the Court required Alight to provide all contracts between Alight and ERISA plans—free of any redactions. The Court also ordered Alight to comply with the

3

subpoena request to produce the settlement agreements related to ERISA plans and cybersecurity violations. Although the Court denied Alight's request for a protective order, it noted that, if Alight could make the requisite showing, it could seek a limited protective order, referred to as a "confidentiality order." *Id*. at 7. As detailed in the model protective order, a "confidential order" means the parties exchange all information—without redactions or withholding documents—and the documents are marked as "confidential." N.D. Ill. Form L.R. 26.2. The marking is done to facilitate the production of documents and limit potential disclosure to third-parties or use of the documents in public. *See Jepson,* 30 F.3d at 858; *Andrew Corp.*, 180 F.R.D. at 340. The Court did not invite Alight to repeat its same arguments and request the same relief the Court already denied. Yet, this is the heart of Alight's motion. Alight is requesting to redact and withhold documents completely, and the Court directly denied this request:

> Respondent has not shown why the Secretary, who is bound by law to protect confidential information, should not be entitled to receive records beyond those containing de-identified [or redacted] data. Accordingly, the Respondent's request for a protective order is denied.

*Id*. at 7. The Court then made clear, again, in its Conclusion Section that Alight's request for a protective order was denied and, at best, Alight could seek a limited type of protective order referred to as a confidentiality order. *Id*. at 8-9. The Court is referring to the common type of a limited protective order wherein parties exchange information free of redactions, but mark documents containing confidential information as confidential. The order then requires that parties seek further relief from the Court to either use those documents unredacted in any public use or to have the documents "sealed" from public view. *See* L.R. Form 26.2. Alight is not seeking to disclose information fully and have documents marked as confidential, consistent with a limited protective order. Instead, Alight seeks a broad protective order to allow it to redact information and withhold documents. The Court previously denied this request. Under the law-

4

of-the-case doctrine, previous rulings are the law of the case and control when parties seek the same relief in later motions. *Surprise v. Saul*, 968 F.3d 658, 663 (7th Cir. 2020) (discussing law-of-the-case doctrine); *see, e.g., Roboserve, Inc. v. Kato Kagaku Co.*, 936 F. Supp. 522, 524 (N.D. Ill. 1996) ("Under the 'law of the case' doctrine, once a court either expressly or by necessary implication decides an issue, the decision becomes binding in subsequent proceedings before the court or a lower court."). Accordingly, because the Court already decided this exact issue, the law of the case doctrine requires the Motion be summarily denied. To the extent an analysis of "good cause" is necessary, as stated *infra,* good cause is not shown because the Freedom of Information Act ("FOIA") and the DOL FOIA regulations have the necessary protections in place for any alleged confidential information.

        C. <u>Alight failed to show good cause exists because FOIA and the DOL regulations protect confidential information; but alternatively, the Secretary will agree to limited redaction, for individual PII only, consistent with Fed.R.Civ.P. 5.2</u>

Alight argues good cause exists because the alleged confidential information could be disclosed to third-parties; however the exemptions under FOIA already protect confidential information. As stated repeatedly to Alight and in the Court's order, FOIA and the DOL's FOIA regulations have protections in place to maintain the confidentiality of documents for the specific types of confidential information at issue here. FOIA Exemption 4 specifically prevents disclosure of documents containing "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). *See, e.g., Henson v. Dep't of Health & Human Servs.*, 892 F.3d 868, 877 (7th Cir. 2018) (discussing application of this exemption to a trade secret). FOIA Exemption 6 prevents disclosure of information containing PII in responsive records, such as personal addresses, home telephone numbers, and personal email addresses. 5 U.S.C. § 552(b)(6). The Secretary has a FOIA regulation that

5

requires the Secretary to provide notice to a submitter of legitimate confidential information that the information has been requested through a FOIA request. This notice provides the submitter an opportunity to prevent the disclosure of that information. 29 C.F.R. § 70.26. The regulations appear to apply to the documents sought under the Secretary's subpoena making Alight's request for a protective order unnecessary and premature. To the extent Alight believes there is legitimate confidential information related to ERISA plans or settlement agreements with it over potential ERISA violations, it can mark those documents as confidential and it will be entitled to the protections described in FOIA and the DOL's FOIA regulations, including the potential to prevent future disclosure to third-parties.[2] For individual PII, as discussed below, the Secretary is willing to accept limited redactions that will permit the investigators to still use the data and documents in their investigation. Accordingly, FOIA and the DOL regulations already have the protections in place that are sought by Alight, and therefore, good cause does not exist to redact and withhold documents and a protective order is not needed.

Moreover, the case law cited by Alight further supports the Court's earlier ruling denying the protective order because Alight failed to show good cause. The case, *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 237 F.R.D. 405 (N.D. Ill. 2006), discussed the confidential treatment of documents that were disclosed free of redactions and marked as confidential. The case had no discussion of redaction or withholding information; rather the sole issue was whether

---

[2] Although the Court already ruled that Alight cannot redact the name of Alight's ERISA-plan clients, the Secretary wishes to emphasize that the names of Alight's clients are not confidential. ERISA-plans routinely report the names of its service providers, such as Alight, on the required government reporting form, IRS Form 5500, to the Department of Labor. However, only some Plans are required to file Form 5500 and only some service providers are required to be disclosed. Therefore, the IRS Form 5500s do not identify every client of Alight's. Importantly, for EBSA to be able to use the responsive documents, the names of the ERISA plans are a fundamental data point for any review and analysis of ERISA violations.

Furthermore, as to the settlement agreements with ERISA-plan clients related to potential ERISA violations from cybersecurity issues, the Court has already held they are relevant and must be produced.

unredacted documents should be treated as confidential between in-house counsel and outside counsel. The documents were produced, unredacted, and marked "attorney's eyes only." This case generally supports the Court's finding that the confidential treatment Alight seeks from a protective order are already in place under FOIA and the DOL's FOIA regulations. In *E.E.O.C. v. Aon Consulting, Inc.*, 149 F. Supp. 2d 601, 604 (S.D. Ind. 2001), the Court there made this explicit finding—given the protections under FOIA, a protective order was not necessary. The Court examined whether a protective order was necessary for a type of trade secret, employment tests, and found that FOIA offered sufficient protection and no protective order was needed on that basis. However, the Court found that, unique to the EEOC, the charging party, i.e. the person alleging discrimination, also has a right to information—outside of the FOIA context. Based on that unique situation, the Court *still* required Aon to produce all the documents to the EEOC—but barred the production of the documents to the charging party. Here, there is no charging party or any entity that has any right to the documents, outside of the FOIA context. *Aon Consulting* also supports the Court's order, that given the protections in place under FOIA, a protective order is not needed. The case *E.E.O.C. v. Abbott Lab'ys*, No. 10-CV-0833, 2012 WL 2884882, at *1 (E.D. Wis. July 12, 2012) also supports the Court's order. In that case, Abbot produced unredacted documents to the EEOC, subject to an order to keep certain information confidential. The EEOC then filed certain documents with its own redactions to maintain the confidentiality, and the Court required the parties to explain why good cause existed to support the redactions in the publically filed documents by the EEOC. Abbot still produced the unredacted documents to the government agency. Accordingly, all the case law cited by Alight actually support the Court's previous decision (denying the relief Alight seeks), and Alight's current Motion should be denied.

Although the law clearly weighs against granting Alight's motion, if the Court does not summarily deny the Motion, in an attempt to move the matter forward, the Secretary will accept partially redacted documents, solely redacting individual PII consistent with Fed.R.Civ.P. 5.2; provided, Alight does not delay the production of documents beyond 30 days. Under Fed.R.Civ.P. 5.2, litigants are required to redact individual's PII before filing a document with the courts.[3] However, the rule envisions that the redactions still contain sufficient information to allow the documents to be useful; specifically, individual names, last four digits of social security numbers, last four digits of financial account numbers, and the individual's birth year are *unredacted*. The Secretary will agree to the same limited redactions for individual PII in Alight's production in response to his subpoena. To be clear, the only redactions permitted is part of an individual's social security number, part of any financial account number, part of an individual's birth date, and only if the participant is a minor, the name can be replaced with three initials. In addition, the production has been severely delayed—over two years—and therefore, Alight must agree it will produce all documents within 30 days. If Alight seeks to further delay the production to allow these redactions, then the Secretary will not agree to these limited redactions for individual PII. To be clear, the Secretary will not and cannot agree to the redaction of Plan names or participant names because it will directly and critically impair the investigation. Finally, as stated previously, the individual PII is already protected from production under FOIA, and therefore, even this limited redaction is unnecessary.[4]

---

[3] Alight's argument (Br. at 9) that future Court filings would reveal individual PII is unfounded because Fed.R.Civ.P. 5.2 directly addresses this issue and resolves it.

[4] Alight's contention that the Secretary can never receive PII because of a theoretical data breach lacks merit and is unsupported by facts or law. Moreover, it is Alight's data breaches that are the subject of this investigation, and it would be an absurd result to find the government agency charged with investigating those data breaches cannot investigate because of a future, possible data breach.

## CONCLUSION

**WHEREFORE**, the Petitioner prays that this Court enter an order denying Alight's motion for a protective order.

Dated: <u>December 9, 2021</u>                                         Respectfully,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

<u>/s/ Bruce C. Canetti</u>
**BRUCE C. CANETTI**
P.O. ADDRESS:                                                                    Senior Trial Attorney
U.S. Department of Labor                                                IL Reg. #: 6285867
Office of the Solicitor
230 South Dearborn Street, Ste. 844                        Attorneys for MARTIN J. WALSH,
Chicago, Illinois 60604                                                    Secretary of Labor,
Telephone: (312) 353-3271                                         U.S. Department of Labor,
Facsimile: (312) 353-5698                                            Plaintiff
canetti.bruce@dol.gov

9