UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH,** Secretary of Labor, United States Department of Labor, <br><br> Petitioner, <br><br> v. <br><br> **ALIGHT SOLUTIONS, LLC** <br><br> Respondent. | Case Number: 1:20-cv-02138 <br><br> Judge Kness |

**JOINT STATUS REPORT FOR STATUS HEARING WITH MAGISTRATE JUDGE**

Petitioner MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary"), and Respondent Alight Solutions, LLC ("Alight") file this Joint Status Report as ordered by the Court on April 1, 2022. (Dkt. No. 70). The Court ordered the parties to meet and confer and to file a status report that addresses the status of the document production and any issues with Alight's production. In addition, the parties are to explain whether the Secretary agrees with Alight's contention that the production for certain items "are complete or will soon be complete."

First, for the Sequential No. 1 issue, the parties are in agreement that Alight has produced new, unredacted versions of earlier produced documents. Second, Alight identified five categories of responses for which it will not identify the responsive documents; and without any guidance on the organization of the documents or the identification of the documents, it is impossible for the Secretary to ascertain what they are. Alight disagrees that is impossible to determine the organization of the documents as multiple declarations set forth when documents were produced for specific requests, the dates of those productions, and how the documents were organized. The Secretary will continue to review the produced documents and attempt to understand and ascertain

1

what Alight has produced to date. Third, for another five categories, described in the table below, Alight believes its production is complete or needs additional information to complete. The Secretary identified responsive documents that Alight needs to produce for each request. However, the parties have been unable to reach an agreement on those documents. The parties' current position on each disputed category is identified in the below table:

| Sequential numbering | Request Number | Description | Alight's Position | Secretary's Position |
|---|---|---|---|---|
| 2 | 2 | Alight's policies and procedures relating to ERISA plans | Alight produced the Customer Identity Management (CIM) template on 3/22/22. The CIM is broadly standardized, with only minor variations permitted based on unique client scenarios (e.g., the addition of a foreign language option for certain authentication-related activities).<br><br>While Alight agreed to provide the template CIM, the plain language of Request 2 does not require the production of individual client CIMs because a CIM is not a policy or procedure nor is it a: (1) supervisory procedure; (2) employee manual; (3) compliance and procedural manual; (4) ethics, compensation, and conflict of interest policies; or (5) policies relating to ERISA plan clients. | The DOL needs the CIM for the ERISA plan clients, not just a template. Further, the same CIM will address security enhancements necessary to fulfill Subpoena Request 32. Security enhancements are specific to each client. |
| 3 | 3 | procedures relating to ERISA plans attachments related committees meeting on cybersecurity issues | Produced on 3/8/22. As discussed in our meet and confer, the targeted number of SPRC meetings is four each year. The DOL asked if any Alight committee addressing cybersecurity issues existed prior to the launch of the SPRC. Alight confirmed that no Alight committee addressing cybersecurity issues existed prior to the launch of the | Alight initially represented that there was only one committee that dealt with cybersecurity issues. However, it now contends that the committee only came into existence in 2018 and then stopped having any documentation, meaning no agendas, no meeting minutes, and no documents at all with the committee starting in 2021. The Secretary remains skeptical that there are not any |

| | | | | |
|---|---|---|---|---|
| | | | SPRC. Alight further advised that the SPRC has transitioned to a more informal structure and meeting minutes are no longer kept. The DOL asked if handouts or agendas are circulated now that meeting minutes are no longer kept. Alight confirmed that no such handouts or agendas have been circulated. Therefore, there are no other SPRC materials responsive to this Request. (Dkt. No. 67, at ¶15; *see also* Dkt. No. 25, at 8 ("Respondent cannot produce what it does not have.")).<br><br>No other minutes are required for this Request. In its Reply Brief to the Court, the DOL clarified Request #3 to require "all of this Committee's meeting minutes for the entire period covered by the Subpoena," which the Secretary stated was the "Alight Security Privacy Risk Committee." (Dkt. No. 18, at 10). The District Court incorporated this clarification in its Order on October 28, 2021 (Dkt. No. 25, at 7).<br><br>Regardless, the Incident Management Team and Fraud Investigation Team are not committees and do not have minutes separate from specific investigative summaries, which are already being produced. | documents associated with meetings for this committee.<br><br>In addition, Alight has informed the Secretary that additional committees deal with these issues. The Secretary needs to have the meeting minutes, and all related documents related to cybersecurity issues for the following committees:<br><br>**Audit Committee;**<br>**Incident Management Team;**<br>**Fraud Investigation Team;**<br>**Anti-Fraud Steering Committee**<br>**APP Committee;**<br>**Executive Committee; and**<br>**Data Security Committee** |

3

| 10 | 12 | Services offered to clients with ERISA plans | Request for clarification. The DOL clarified in our meet and confer that the DOL would like to review 10 sample RFP responses provided to plan sponsors of ERISA plans from 2021. Alight is willing to provide 10 such sample RFP responses from 2021, but notes that the names of the potential clients will need to be redacted as RFPs are submitted pursuant to nondisclosure agreements. If redacted RFPs are acceptable, Alight will determine how long it will take to provide copies of the redacted RFPs and will provide an estimate. The DOL further clarified that the DOL is seeking to understand whether Alight provides any services related to cybersecurity or services to prevent fraudulent activities other than the Alight Protection Program. Alight can confirm that the Alight Protection Program is the only such available service. | The DOL requests 10 sample RFP responses, from 10 current clients, that were provided between 2015-2020. |
|---|---|---|---|---|
| 15 | 20 | system penetration setting | The DOL clarified in our meet and confer that the DOL believes that Alight produced summaries and not full reports. Alight produced all available reports. There are additional confidential reports generated which provide a roadmap to Alight's security system. If Alight produced these confidential reports to any entity outside of Alight, Alight would be unable to obtain a SOC 1 or SOC 2 certification.<br><br>The 2021 report was produced on 3/22/22. | The Secretary will not accept "summaries," and requests the full reports. |

| 21 | 29 | ERISA plan clients' requests to have create, implement, or have access to cybersecurity procedures | Client contracts are dynamic; drafts are not stored. Alight proposes that the DOL select 10 Alight clients and Alight will pull all change orders related to cybersecurity with respect to those clients. | A sample is not acceptable. The DOL requests all letters or emails from clients requesting changes to cybersecurity procedures or requesting access to cybersecurity procedures from 2015 to 2021. The Secretary will agree to start with the letters and emails from clients that had a fraud incident from 2015 to 2021; and will reserve the right to seek additional documents for this request. |
|---|---|---|---|---|

The Secretary requests that Alight identify all responsive documents by bates stamp numbers and confirm it produced all responsive documents in its possession for the following Subpoena Requests: 4, 9, 10, 14, 21, 22, and 32. The Secretary will need time to subsequently review. The Secretary requests that Alight provide a signed declaration attesting that it provided all responsive documents to each specific request for these request numbers.

For the reasons set forth in its brief (Dkt. No. 72), Alight states that it is not required to identify all responsive documents by bates stamp. Moreover, Alight states that it has already provided signed declarations from both counsel and Alight confirming that these productions are complete. (*See* Dkt. Nos. 67-68).

The Secretary still awaits production for the remaining Subpoena Requests: 6, 7,11,13,18, 19, 23, 27, 28, 30, 31, and 32 by the Court-ordered deadlines. The Secretary also requires the immediate production of a privilege log of all withheld documents. The Secretary expects Alight to provide all responsive documents in its possession for the outstanding requests timely.

While Alight has made every effort to comply with this Court's Order and has made multiple production of thousands of documents over the last few weeks, Alight maintains that it is not possible to fully comply with the deadlines set in this Court's Order. Nevertheless, Alight continues to engage additional resources to expedite the production of the remaining documents

as soon as possible. Regarding the Secretary's request for a privilege log, prior to the filing of the proposed discovery order, none of the documents Alight collected were subject to privilege and, therefore, Alight did not withhold any documents at that time. The remaining document requests, including the ancillary documents and legal settlements request, have contained some privileged documents which Alight has withheld. Given the sheer magnitude of data Alight is collecting, reviewing, and producing (*See* Dkt. Nos. 76-77), Alight agrees to produce a privilege log after Alight has completed its productions so as to not slow down the production of documents to the Secretary.

Finally, the parties write to inform the Court that oral argument on Alight's appeal of the District Court's October 28, 2021 order was held on April 21, 2022 in the Seventh Circuit.

Dated: <u>April 22, 2022</u>　　　　　　　　　　　Respectfully,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

<u>/s/ *Bruce C. Canetti*</u>
**BRUCE C. CANETTI**

P.O. ADDRESS:　　　　　　　　　　　　　Senior Trial Attorney
U.S. Department of Labor　　　　　　　　IL Reg. #: 6285867
Office of the Solicitor
230 South Dearborn Street, Ste. 844　　Attorneys for MARTIN J. WALSH,
Chicago, Illinois 60604　　　　　　　　　Secretary of Labor,
Telephone: (312) 353-3271　　　　　　　U.S. Department of Labor, Plaintiff
Facsimile: (312) 353-5698
canetti.bruce@dol.gov


By: <u>/s/ *Erin M. Sweeney*</u>
Daniel J. Fazio (6296352)
DLA Piper LLP (US)
444 West Lake St.
Suite 900
Chicago, IL 60606
(312) 368-2190
daniel.fazio@dlapiper.com
- and -
Erin M. Sweeney (admitted *pro hac vice*)
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4323
erin.sweeney@dlapiper.com

*Counsel for Respondent*
*Alight Solutions LLC*