## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DISTRICT

| | |
|---|---|
| MARTIN J. WALSH, | : |
| *Petitioner*, | : |
| vs. | : |
| ALIGHT SOLUTIONS LLC, | : CASE NO.: 1:20-cv-2138 |
| *Respondent.* | : |

## REPLY BRIEF IN SUPPORT OF RESPONDENT'S
## OPPOSED MOTION FOR CONFIDENTIALITY ORDER

Respondent Alight Solutions LLC ("Alight") submits this Reply Brief in Support of Alight's Opposed Motion for a Confidentiality Order (the "Motion") and hereby states as follows:

### INTRODUCTION

In its response, the Department of Labor (the "DOL") confirms that there is no dispute between Alight and the DOL on whether this Court may enter a confidentiality order in this case. (Dkt. No. 87, at 1 ("Alight correctly stated that the parties reached an agreement on all other aspects of a confidentiality order, except for Paragraph 13, pertaining to the Secretary providing documents to other government agencies")). Moreover, the DOL's response makes no attempt to challenge Alight's claim that the data Alight produced and will continue to produce to the DOL is confidential and warrants protection. (*See id.*). For those reasons alone, Alight would respectfully request that, at a minimum, this Court enter a confidentiality order which consists of the parties' agreed upon language. The sole issue in dispute in this case is whether this Court should require any state or federal agency receiving data produced by Alight to agree to abide by the terms of the confidentiality order before the DOL produces the data to the requesting governmental agency.

1

Contrary to the DOL's claim, Alight has no intent or interest to "restrict the work of the U.S. Government." (*Id.* at 1). Nothing in the proposed confidentiality order would prevent the DOL from sharing documents or information obtained from Alight with other agencies. In fact, while Alight originally requested that the DOL provide Alight advance notice prior to the DOL sharing Alight's data with another regulator, Alight agreed during the negotiation of this confidentiality order that the DOL would not have to identify which regulators received the data, what data was shared, or even when that data was shared. Nor would this confidentiality order prevent any other agency from requesting the same data from Alight. Thus, there is absolutely nothing in Alight's proposed order that would prevent the DOL or any other agency from conducting its work.

Alight does, however, have significant concerns about how other agencies may use Alight's data without the protections afforded in the proposed confidentiality order. The simple fact is, despite all the detailed rules and regulations that the DOL cited in its Response, the DOL already published confidential Alight data in a public filing. (Dkt. No. 69-1). It was that filing that prompted Alight's motion for a confidentiality order in the first place. Without a requirement that the receiving agencies agree to the terms of the proposed confidentiality order before receiving the data, there is nothing to prevent any other state or federal agency from publishing Alight's confidential data in the same manner as the DOL.[1]

To be clear, in submitting the requested language in Paragraph 13, Alight never intended for the provision to create "use immunity". To the extent the Court concludes that the proposed

---

[1] Notably, the proposed confidentiality order contains clear provisions whereby the DOL or any other agency could challenge Alight's designation of confidentiality. (*See* Ex. 1, at ¶¶ 8, 12). Therefore, even if a receiving agency is required to agree to the terms of this confidentiality order before receiving documents produced by Alight, the order provides adequate remedies to ensure that the agencies can conduct their work without endangering the confidential information produced by Alight.

2

language creates use immunity, Alight is willing to consent to modifications to the confidentiality order to permit a receiving agency to use the documents in the agency's own investigation as long as the agency remains subject to the confidentiality terms of the agreement.

## ARGUMENT

### I. The Regulations Cited by the DOL Failed to Protect Alight's Data from Public Disclosure.

In its Response, the DOL suggests that Alight does not need a protective order because a variety of protective federal rules and statutes already "apply specifically in this situation." (Dkt. No. 87, at 3). The regulations cited by the DOL are a red herring. For example, the Privacy Act covers only limited categories of documents and information (*e.g.* personal identifying information). *See Baker v. Dep't of Navy*, 814 F.2d 1381, 1384 (9th Cir. 1987). Similarly, the Right to Financial Privacy Act ("RFPA") covers limited categories of information and has a very narrow scope. *Secs. & Exchange Comm'n v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984) ("The most salient feature of the Act is the narrow scope of the entitlements it creates"). Although the Freedom of Information Act ("FOIA") is explicitly covered under the language of Paragraph 13, FOIA only applies to specific categories of public information requests. Most importantly, Paragraph 13, as drafted by the DOL, authorizes the DOL to share data with state regulators that are not subject to very federal regulations the DOL cites. *See Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005) ("the Privacy Act applies exclusively to federal agencies"); *Schwier v. Cox*, 340 F.3d 1284, 1289 (11th Cir. 2003) ("the rights created by section 3 of the Privacy Act do not restrict the activities of *state* agencies"); *U.S. v. Zimmerman*, 957 F. Supp. 94, 96 (N.D.W. Va. 1997) ("the legislative history of the [RFPA] expressly reflects Congress's intent to exempt state and local governments from the disclosure restrictions imposed upon federal agencies").

3

Regardless, the DOL's cited regulations did little to protect Alight's confidential data from disclosure in a public filing in this very matter. The basis for this Motion demonstrates why DOL's reliance on the cited regulations is misplaced. On March 30, 2022, the DOL filed an excerpt of a document that Alight produced and designated "Confidential — Protected From Disclosure Under FOIA" that contained highly sensitive, non-public information about Alight's business. (Dkt. No. 69-1). In response to the filing, Alight made an oral motion to seal the exhibit. In objecting to the oral motion, the DOL argued that, because the Court denied both of Alight's prior requests for a protective order, the DOL was entitled to publish and use the documents Alight produced in public filings. This Court disagreed and held "that Alight's business privacy interests as to Exhibit 1 override the public's right of access to the document at this stage of the litigation" given that Alight was simply "responding to a subpoena, and has shown a need for the confidentiality of information contained in Exhibit 1." (Dkt. No. 70).

Neither the Privacy Act, the RFPA, FOIA, nor any of the other regulations that the DOL cites prevented the DOL from filing confidential Alight documents on the public record. Without a provision extending the confidentiality order to other agencies, the United States Attorney's Office or any other state or federal government agency would be free to publish the confidential information Alight produced thereby undercutting the purpose of this order.

## II. This Court has Full Authority to Restrict how Documents Obtained Through Court Processes are Used.

The DOL next takes the position that imposing *ad hoc* use and retention provisions would be unnecessary, inappropriate, and constitute an "impermissible hurdle that violates federal law." The DOL provides no citation for this position and instead speculates that the confidentiality order may have unintended consequences. Apart from the "use immunity" argument addressed below, the DOL's response contains no example, real or speculative, on how this confidentiality order or

4

Alight's proposed language would violate federal law or impede another agency's work. In fact, Alight agreed to several modifications to the language of the confidentiality order to ensure compliance with federal regulations, including the Federal Records Act and the Federal Records Disposal Act. (*See* Ex. 1, at ¶¶ 13-14).

Moreover, the DOL's argument ignores the fact that this Court has full authority to restrict the use or disclosure of data obtained through court processes. *Dorsett v. County of Nassau*, 289 F.R.D. 54, 78 (E.D.N.Y. 2012) ("the Confidentiality Order by no means improperly intrudes into the affairs of County government by purporting to dictate how and under what conditions County officials may use and disclose a County document. Rather, the Court is restricting information which came into certain individuals' possession only as a direct result of the court's processes"); *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 407-08 (2d Cir.1963) ("we entertain no doubt as to the constitutionality of a rule allowing a federal court to forbid the publicizing, in advance of trial, of information obtained by one party from another by use of the court's processes ... we have no question as to the court's jurisdiction to do this under the inherent 'equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices'"). Further, Courts have previously approved protective orders that allow agencies to share obtained data but requiring that the receiving agency abide by the terms of the protective order. *See S.E.C. v. Merrill Scott Assoc. LTD*, 600 F.3d 1262, 1274 (10th Cir. 2010) ("The U.S. Attorney/DOJ's receipt of the Confidential Information was therefore conditioned upon its obedience to the plain language of the protective orders forbidding further disclosure.") Accordingly, this Court is well within its authority to enter the language contained in Paragraph 13.

III. **Alight Does Not Seek Use Immunity and Would Consent to Revising the Language of The Confidentiality Order to Allow a Receiving Agency to Use the Data During Its Investigation as Long as the Agency Agrees to Follow the Confidentiality Order.**

The DOL's final objection to Alight's proposed confidentiality order stems from the DOL's concern that the confidentiality order would grant Alight "use immunity." Alight does not seek "use immunity" over the documents Alight produced nor did Alight ever intend for the confidentiality order to bar a receiving agency from using the documents for the agency's own appropriate purposes. As set forth in Alight's *Brief in Support of the Motion,* Alight's primary concern is that "without this added language, the receiving agencies would be free to argue that they are not bound by the terms of the Confidentiality Order, which would threaten the confidentiality of the sensitive and highly confidential data belonging to Alight, Alight's clients, and Alight's clients' plan participants." (Dkt. No. 84, at 3-4).

Alight remains concerned that, without language requiring the receiving agency to abide by the confidentiality order, the receiving agency would take the same position as the DOL did when it objected to Alight's motion to seal, thereby fully undermining the entire purpose of this confidentiality order. The United States government, through the DOL, has already published Alight's confidential data in a public filing. Without the proposed language, there is nothing preventing any other agency from publicly disclosing confidential data belonging to Alight and/or Alight's clients and Alight's clients' participant data.

Given that Alight does not seek "use immunity" over the documents Alight produced, Alight would consent to the Court modifying the language of Paragraph 13 to address the DOL's concern. Specifically, Alight would consent to inclusion of the following sentence into Paragraph 13: "Confidential Information shall not be used or disclosed by other state or federal governmental agencies for any purpose whatsoever other than the receiving agency's investigation and any

6

ensuing litigation or pursuant to a government subpoena or court order, including any appeal thereof."

## <u>CONCLUSION</u>

For all of the reasons set forth above, Alight respectfully requests that this Court enter a Confidentiality Order in the form attached as Exhibit 1 to the Motion.

Dated: June 27, 2022                    Respectfully submitted,


By: /s/ *Erin M. Sweeney*
      Daniel J. Fazio (6296352)
      DLA Piper LLP (US)
      444 West Lake St.
      Suite 900
      Chicago, IL 60606
      (312) 368-2190
      daniel.fazio@dlapiper.com

      - and -

      Erin M. Sweeney (admitted *pro hac vice*)
      DLA Piper LLP (US)
      500 Eighth Street, NW
      Washington, DC 20004
      (202) 799-4323
      erin.sweeney@dlapiper.com


      *Counsel for Respondent*
      *Alight Solutions LLC*